IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HEATHER ANN SOUZA-RODRIGUEZ, | § | |
| (BOP No. 82897-180) | § | |
| VS. | § | CIVIL ACTION NO.4:09-CV-317-Y |
| | § | |
| | § | |
| DEBORAH L. CANTWELL | § | |

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Heather Ann Souza-Rodriguez's case under the review provisions of 28 U.S.C. § 1915(e)(2)(B). Souza-Rodriguez, an inmate at the Bureau of Prisons' FMC-Carswell facility in Fort Worth, Texas, initiated this suit with the filing of a civil complaint. She has now filed an amended complaint, and that pleading is subject to review under § 1915.[1] Plaintiff names as defendants Deborah L. Cantwell and Wells Fargo Bank. (Amended Compl. Style; ¶ 3.) Plaintiff claims that Cantwell, previously her executor, allocated monies due to Plaintiff from a property-loss settlement received from Allstate Insurance, to improper and unauthorized expenditures. She alleges that Wells Fargo bank improperly paid the check to the executor without her authorization. (Compl. ¶ 3.) Souza-Rodriguez seeks to have this Court award her a judgment of monetary damages in the amount of $31,646,59 for the monies "borrowed and embezzled" (Compl. at 2.)

---

[1]*See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986)(noting that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect).

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Souza-Rodriguez's claims in this suit, the Court concludes that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), and otherwise dismissed for lack of jurisdiction.

In order to assert a claim for damages for violation of federal constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*,[6] a plaintiff must set

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

2

forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[7] Plaintiff has failed to satisfy the first element. She has not alleged that defendants violated a constitutional or federal right, and the listed factual allegations do not state such a claim. Also, Plaintiff has failed to allege facts to show that the defendants acted under color of law with regard to the specific events made the basis of this suit.[8] Thus, to the extent Souza-Rodriguez asserts claims for violations of federal or constitutional rights, such claims must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

The Court also determines that Souza-Rodriguez has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331. Because plaintiff Souza-Rodriguez has not alleged any claim for relief under the Constitution or laws

---

[7] *See West v. Atkins*, 487 U.S. 42, 48 (1988)(elements of § 1983 action); *Evans*, 168 F.3d at 863 n. 10.

[8] *See generally Cornish v. Correctional Services Corp., et al.*, 402 F.3d 545, 550 (5th Cir. 2005)(noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .")(citing, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

of the United States, she has not invoked the Court's federal-question jurisdiction. Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, and that he is a citizen of one state and the defendants are citizens of another.[9] Even assuming that defendants have out-of-state addresses for diversity purposes, which is not certain from the amended complaint, Souza-Rodriguez has still failed to set forth claims sufficient to support the amount-in-controversy requirement.

The amount-in-controversy provision is to be narrowly construed, so as not to frustrate congressional purpose.[10] The test to determine whether the amount-in-controversy requirement is satisfied is the "legal certainty" test; to justify dismissal, it must appear to a legal certainty that a plaintiff's claim is for less than the statutory amount.[11] Souza-Rodriguez complains of Cantwell's distribution of portions of an insurance settlement in the amount of $36,446.59, and she seeks damages of $31,646.59. Because the Court can say with a legal certainty that the plaintiff cannot recover an amount in excess of $75,000, she has failed to invoke this Court's diversity jurisdiction. Thus, any other claims

---

[9] *See* 28 U.S.C. § 1332(a)(1)(West 2006).

[10] *See Packard v. Provident National Bank,* 994 F.2d 1039, 1044-45 (3d Cir.), *cert den'd,* 510 U.S. 964 (1993).

[11] *See St. Paul Mercury Indemnity Co. V. Red Cab Co.,* 303 U.S. 283, 288-89 (1938).

must be dismissed for lack of subject matter jurisdiction.[12]

Therefore, any claims under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

To the extent Plaintiff asserts other claims, they are DISMISSED for lack of subject matter jurisdiction with prejudice to the right to refile in federal court.

SIGNED January 6, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12] *See* Fed R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")